Hand-Delivered



FILED
ASHEVILLE, NC

NOV 26 2025

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

# EMERGENCY FILING

# TEMPORARY RESTRAINING ORDER REQUESTED

# Emergency Motion for Temporary Restraining Order

Plaintiff Bill Madson ("Plaintiff"), individually and as next friend of F.M., a minor, respectfully moves this Court for an immediate Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b). This motion is tightly focused, urgent, involves the civil rights of a special needs minor in this area, and is supported by sworn declaration and an overwhelming amount of corresponding evidence. The relief requested is limited, precise, and essential to preventing irreparable evidentiary harm and halting the Defendants' ongoing communication which is interfering with my rights and my child's rights.

## I. INTRODUCTION AND BASIS FOR EMERGENCY RELIEF

Defendants Roberts & Stevens, P.A., Phil Jackson, and Jordan Barnette issued multiple cease-and-desist communications to Plaintiff—an unrepresented parent of an autistic minor—while knowing Plaintiff was attempting to preserve evidence, seek clarification of rights, and pursue federally protected advocacy. These directives materially obstructed Plaintiff's ability to secure information, protect evidence, and communicate with appropriate personnel.

Critical evidence in this matter includes video surveillance of Plaintiff's daughter's discharge from Sweeten Creek Mental Health Center on August 29, 2025. Communication relating to evidence preservation has been delayed by Defendants, and the video evidence may be subject to automatic deletion. Without immediate court intervention, essential evidence risks being lost permanently.

## II. IRREPARABLE HARM

The evidence at issue—including identification of the custodian, retention schedules, and transmission history relating to surveillance footage—is time-sensitive. If deleted or overwritten pursuant to routine retention protocols, it cannot be restored. Such loss would profoundly impair Plaintiff's ability to litigate and permanently prejudice our federal rights.

Courts recognize that the risk of spoliation constitutes irreparable harm warranting injunctive relief.

## III. LIKELIHOOD OF SUCCESS ON THE MERITS

Plaintiff's Complaint includes exhibits of Defendants' written communications, including repeated cease-and-desist directives issued with no legal justification to an unrepresented parent attempting to preserve evidence. Plaintiff asserts federal civil rights claims under the First Amendment, ADA, and Section 504 arising from Defendants' interference and obstruction.

The undisputed written record significantly supports Plaintiff's likelihood of success. I have included 100% of the Defendants' communication in my underlying complaint.

## IV. BALANCE OF EQUITIES

The requested TRO imposes minimal burden. Plaintiff seeks only identification of the correct custodian of key evidence, revocation of improper directives, and assurance that we will not

receive unlawful cease-and-desist style communication in the future. In contrast, the risk of losing irreplaceable evidence is substantial. The equities decidedly favor Plaintiff.

## V. PUBLIC INTEREST

The rights of disabled minors, the First Amendment, preservation of medical-care evidence, quality of local health care, and protection against attorney interference in protected activities are central public interests. Granting a TRO advances those interests.

## VI. REQUESTED RELIEF

Plaintiff respectfully requests that the Court enter a Temporary Restraining Order requiring Defendants to:

1. Within 48 hours, Defendants Roberts & Stevens, P.A., Phil Jackson, and Jordan Barnette will provide Plaintiff with the identity, job title, and contact information of the individual(s) or entity that maintains custody or control of any video surveillance footage from Sweeten Creek Mental Health Center for August 29, 2025 from 9:30am to 10:30am. In the event the Defendants are unable to obtain the contact information of the surveillance camera footage from their client HCA Healthcare, Inc., the Defendants will submit an affidavit to the Court that they made reasonable efforts to attempt to acquire the identity of the custodian of the surveillance footage but were unable to do so.

2. Defendants Roberts & Stevens, P.A., Phil Jackson, and Jordan Barnette shall, within 48 hours, issue a written notice to Plaintiff expressly withdrawing, rescinding, and nullifying all

prior "cease-and-desist" communications or directives they issued to Plaintiff relating to his ability to contact individuals associated with his daughter's care, his ability to advocate for patient-rights issues, or his ability to seek information relevant to evidence preservation

3. Defendants shall not destroy, modify, alter, or conceal any documents or electronically stored information related to this matter.

4. Defendants shall cease any interference with Plaintiff's protected activities, including advocacy relating to patient rights, disability rights, and federal reporting.

Plaintiff requests a hearing at the earliest date available.

## VII. RULE 65(b)(1)(B) CERTIFICATION

Plaintiff certifies that notice has been provided to Defendants via email and U.S. Mail, or, to the extent notice is incomplete, that further notice should not be required due to the imminent risk of evidence destruction prior to a hearing.

Respectfully submitted,

*[signature]*

---

Bill Madson
Plaintiff, individually and as next friend of F.M.