IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No. 1:25-cv-425

| | |
|---|---|
| BILL MADSON, individually and as next friend of F.M., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERTS & STEVENS, P.A., PHIL JACKSON, ESQ., AND JORDAN BARNETTE, ESQ.,<br><br>Defendants. | **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO SEAL** |

Plaintiff Bill Madson requests that the Court take the extraordinary step of sealing this entire matter based upon the fact that his minor child's initials have been disclosed on the public docket. ECF No. 22. Upon a request to seal, courts must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). The public has a common law right to access all judicial documents, "and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.' " *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014) (citation omitted).

While protecting a minor's privacy is a compelling privacy interest (*Lindiment v. Jones*, No. 1:17-CV-501, 2017 WL 4119644, at *10 (M.D.N.C. Sept. 15, 2017), *report and recommendation adopted,* No. 1:17-CV-501, 2017 WL 4417676 (M.D.N.C. Oct. 3, 2017)), it does not justify sealing this entire matter. The crux of this case is about Madson's allegations that Defendants somehow conspired and restricted his right to access evidence of his child's care. Defendants are entitled to litigate and clear their good name in public.

To be clear, while Defendants do not believe this entire matter should be sealed, they have no issue with any party redacting information about Madson's child.[1] This includes, if Madson desires, retroactive redactions of Madson's own disclosures of his child's initials, medical history, and full name.[2] Therefore, to the extent Madson's motion may be deemed as proposing such limited redactions, well short of a complete sealing, then Defendants have no objection.

---

[1] The undersigned believes that, except for the caption and quoting Plaintiff's then-proposed Amended Complaint one time (Doc 21 p. 11), they have only used the words child and daughter.

[2] Allowing redaction of the initials would require changing the case caption, too.

This the 15th day of January, 2026.

/s/ Joshua B. Durham
Joshua B. Durham (N.C. Bar No. 25414)
Edward B. Davis (N.C. Bar No. 27546)
Kevin J. Roak (N.C. Bar No. 57402)
BELL, DAVIS & PITT, P.A.
227 West Trade Street, Suite 1800
Charlotte, NC 28202
(704) 227-0400
jdurham@belldavispitt.com
ward.davis@belldavispitt.com
kroak@belldavispitt.com
*Attorneys for Defendants*

# CERTIFICATE OF COMPLIANCE

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg. Every statement and every citation to an authority in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

                                        */s/ Joshua B. Durham*
                                        Joshua B. Durham

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing brief was electronically filed with the Clerk of Court using the CM/ECF system, which will serve the same on counsel or parties of record.

This the 15th day of January, 2026.

/s/ *Joshua B. Durham*
Joshua B. Durham