Hand-Delivered

FILED
ASHEVILLE, NC

JAN 2 0 2026

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

US DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BILL MADSON, individually and as next friend of CHILD, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERTS & STEVENS, at al<br><br>Defendants | Case # 1:25CV425-MOC-WCM |

# PLAINTIFF'S MOTION FOR LIMITED EARLY DISCOVERY

### (Fed. R. Civ. P. 26(d))

Plaintiff respectfully moves this Court for leave to conduct limited early discovery pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure. This motion is narrowly tailored and seeks only one interrogatory.

Plaintiff Bill Madson ("Plaintiff"), proceeding pro se, respectfully moves for leave to conduct

## Purpose of Limited Early Discovery

Plaintiff seeks limited early discovery for the sole purpose of determining whether Defendant Roberts & Stevens, P.A. ("RS") had any involvement, communication, or advisory role relating to Mission Hospital, HCA Healthcare, Inc., or Mission personnel prior to the Child's discharge which occurred at 10:06am on August 29. Roberts Stevens has previously introduced August communications into the record. On August 30, Roberts Stevens received a litigation hold notice from Plaintiff in which Plaintiff requested the preservation of emails.

It is plausible that Arrowood or others at Mission would have sought legal advice of some kind before the discharge, and if they did, it is plausible that they would reach out to their local outside counsel Roberts & Stevens. The operative facts and dynamics that make it plausible that a C-suite executive would reach out to an attorney, and that the chosen attorney would be Roberts & Stevens, include the following:

- Madson's daughter was not given scheduled medicine while at Sweeten Creek
- Madson witnessed the ER staff not being able to locate a child for 15 minutes (not Madson's child) and told a number of Mission employees about it.
- Madson tried to record a phone call when a nurse disclosed the missed medication.
- Six hours later, Madson receives a call from COO Melina Arrowood who disguised herself as a nurse.
- Prior to the Arrowood phone call, Madson was extensively mentioned as a patient advocate in the medical record.
- A lengthy and contradictory addendum to the medical record was entered three hours after the Arrowood phone call.
- In this court case, Roberts & Stevens defense counsel introduced August communications into the record.
- Roberts & Stevens later provided notice that they did represent HCA, Mission, Arrowood and others.
- Roberts & Stevens issues more Notices of Appearance into hospital-related lawsuits than any other law firm in Asheville.

Madson simply seeks to know if Roberts & Stevens had any involvement or awareness of Madson's situation with the hospital prior to August 29 at 10:06am.

Madson has made numerous attempts in the last four months to clarify whether RS was involved in August, or if they weren't. RS never responds, but Madson also understands they have no obligation to respond to him either.

At this point, however, the requested discovery is crucial to the efficient use of Court resources going forward. The requested discovery is directed to a threshold factual question relevant to party alignment, scope of discovery, case management efficiency, and potential case consolidation considerations.

Plaintiff does not seek the substance of any privileged communications or legal advice.

## Scope of Requested Discovery

Plaintiff seeks leave to serve one interrogatory as follows:

> Interrogatory No. 1:
> State whether Roberts & Stevens, P.A. had any communications with, or provided any advice to, Mission Hospital, HCA Healthcare, Inc., or any Mission executive or employee concerning Plaintiff or Plaintiff's daughter (or similarly situated people) during the period August 21, 2025 through 10:06 a.m. on August 29, 2025.

If yes, identify: the date(s) of such communication(s) and the individual(s) involved.without disclosing the substance of any privileged communications or legal advice without disclosing the substance of any privileged communications or legal advice.

### Good Cause

Good cause exists for this limited early discovery because:

1. The information sought is uniquely within Defendant RS's possession.
2. The request is binary and narrowly time-limited.
3. The discovery does not seek privileged content.
4. Resolution of this threshold issue will promote efficient case management and avoid unnecessary or duplicative discovery.
5. The burden on Defendant RS is minimal.

This limited inquiry cannot reasonably await the Rule 26(f) conference without creating uncertainty regarding party roles and discovery scope.

### Relief Requested

Plaintiff respectfully requests leave to conduct limited early discovery as described above.

### Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and permit the limited early discovery described above.

Respectfully submitted,

Bill Madson
Plaintiff, Pro Se
Phone:   404-226-2040
Email:   bill@cliftontrust.com