IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:25-cv-00425-MOC-WCM

| | |
|---|---|
| BILL MADSON *individually and as next friend of* CHILD, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| ROBERTS & STEVENS, P.A.; PHIL JACKSON; JORDAN BARNETTE; HCA HEALTHCARE, INC.; MH MISSION HOSPITAL, LLLP; GREG LOWE; MELINA ARROWOOD; MICHAEL MCALEVEY, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

ORDER

This matter is before the court on Plaintiff's Emergency Motion to Seal. (Doc. 22). Some Defendants have responded in opposition and Plaintiff has replied. Docs. 29, 30. Plaintiff has also filed a supplemental response. Doc. 31.[1]

I. Relevant Background

On November 26, 2025, Bill Madson ("Plaintiff"), appearing *pro se* and "individually and as next friend of F.M., a minor," filed an original Complaint.

---

[1] Surreplies are neither anticipated nor allowed by the Local Rules. Leave of court may be sought to file a surreply when warranted, though Plaintiff has not made such a request here. Nonetheless, in the exercise of discretion, the undersigned has considered Plaintiff's supplemental filing.

1

Doc. 1.

On January 5, 2026, Plaintiff filed the Motion to Seal. The motion itself is two (2) pages long. It cites no legal authorities, and no supporting brief has been filed.[2]

On January 8, 2026, Plaintiff, now "individually and as next friend of CHILD, a minor," filed an Amended Complaint. Doc. 26. In that pleading, Plaintiff attempts to assert numerous claims under both federal and state law against Defendants, apparently arising out of the treatment of his child and Defendants' related interactions with Plaintiff.

II. Discussion

The Local Rules of this district state that "there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a).

In the Motion to Seal, Plaintiff states that an investigative reporter contacted him on January 4 and "conveyed that they were going to cover the lawsuit and asked for comment." Doc. 22 at 1. Plaintiff states that his child's initials "are located throughout the legal documents so far" and that he believes the reporter and others "may conduct reporting of this matter." Id. He requests that this case be sealed "in its entirety, immediately, to protect his

---

[2] Plaintiff's surreply also cites no legal authorities.

child's identity given the sensitive nature of some of the material." Id. at 2.

Plaintiff has a legitimate interest in protecting his child's confidential information.

At the same time, some information regarding Plaintiff's child is central to the claims Plaintiff has brought in this case.

In addition, the public has an interest in this litigation, which, according to Plaintiff, involves the treatment of an autistic child in the Mission Hospital system.

Further, Plaintiff's request for sealing is not narrowly tailored. The Motion to Seal does not seek the sealing of an individual document, or a portion thereof, but rather requests that the entire case be sealed. The undersigned does not find that sealing on such a sweeping scale is warranted. See Nelson v. Sam's Club, No. 4:10-CV-03020-RBH, 2012 WL 488867, at *1 (D.S.C. Feb. 15, 2012) (request to seal entire case would "infringe too extensively on the public right to access court records"); see also Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994) ("The party seeking to seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.' A party who seeks to seal an *entire* record faces an even heavier burden.") (citation omitted, emphasis in the original).

Next, proceeding with this matter entirely under seal could create administrative burdens and other issues for the Clerk of Court's office, counsel, and the parties themselves.

The parties should be mindful of rules, such as Rule 5.2 of the Federal Rules of Civil Procedure and this Court's Administrative Procedures, that prohibit the disclosure of personal information regarding minors. And they remain free to file any appropriate motions seeking the sealing of specific documents or information, provided that any such motions are sufficiently supported and made in compliance with the Local Rules.

The Motion to Seal (Doc. 22), though, is **DENIED**.

It is so ordered.

Signed: January 20, 2026

W. Carleton Metcalf
United States Magistrate Judge