UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:25-cv-00425-MOC-WCM

| | |
|---|---|
| BILL MADSON, individually, and as next friend Of CHILD, a minor | |
| Plaintiffs, | DEFENDANT MICHAEL McALEVEY'S BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2) |
| v. | |
| ROBERTS & STEVENS, P.A., and PHIL JACKSON, Esq., and JORDAN BARNETT, Esq., and HCA HEALTHCARE, INC., and MH MISSION HOSPITAL, LLLP, and GREG LOW, and MELINA ARROWOOD, and MICHAEL McALEVEY, Esq. | |
| Defendants. | |

NOW COMES Defendant Michael McAlevey ("McAlevey"), through counsel and pursuant to Federal Rule of Civil Procedure 12(b)(2), and submits his Memorandum in Support of his Motion to Dismiss the claims asserted in Plaintiffs' Amended Complaint ("Amended Complaint"). (ECF No. 12-1 and 26.)

### INTRODUCTION

Plaintiffs bring a variety of claims arising out of actions allegedly taken by employees of, physicians practicing at, and counsel representing MH Mission Hospital, LLLP ("Mission"), the licensed owner and operator of Sweeten Creek Mental Health and Wellness Center, campus of Mission Hospital ("Hospital") when it provided care to Plaintiff CHILD between August and November 2025. (*See* Amended Complaint ¶¶ 1-3, 34, 36, 40, 42-44, 58-61, 69, 86, 90, 93.) Plaintiffs named McAlevey, the Chief Legal and Administrative

- 1 -

Officer of HCA Healthcare, Inc. as a defendant in the Amended Complaint. McAlevey, is a Tennessee resident, is domiciled in Tennessee, and works in Tennessee. He is the Executive Vice President – Chief Legal and Administrative Officer of HCA Healthcare, Inc., which has no employees, and is also the subject of a motion to dismiss for lack of personal jurisdiction. The sole allegation against McAlevey is that Plaintiff Madson directed a litigation hold to him to which he did not personally respond. (Am. Compl. ¶¶ 92, 93.)[1] Accordingly, this Court lacks general and specific jurisdiction over McAlevey, and he should be dismissed as a defendant in this case.

## BACKGROUND

In summary, Plaintiffs allege that while Plaintiff CHILD was receiving treatment at Hospital in August 2025, Madson attempted to advocate for CHILD regarding alleged healthcare violations, and that Defendants coordinated to obstruct or suppress his advocacy. Amended Complaint ¶¶ 108-119.

Plaintiffs originally filed their Complaint on November 26, 2025, (ECF No. 1) alleging claims against Hospital's outside counsel. On December 22, 2025, Plaintiffs filed the Amended Complaint adding HCA Healthcare, Inc. and McAlevey as Defendants.

Plaintiffs make only generic allegations that each of the eight Defendants (purportedly to include McAlevey) are "either businesses or individuals operating at the very top end of healthcare litigation in Western North Carolina" and therefore conspired with co-defendants in efforts to suppress Plaintiffs' lawful and protected advocacy conduct on behalf of CHILD. Am. Compl. ¶¶ 22, 64, 97, 120. Plaintiffs further allege HCA Healthcare, Inc. was represented

---

[1] As described in HCA Healthcare, Inc.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) and supporting Brief being filed in this matter, HCA Healthcare, Inc. is a non-operating holding company with no employees.

by North Carolina counsel in pre-litigation communications. *Id.* at ¶ 93. Regarding McAlevey, the specific acts alleged include only that (1) Madson sent a litigation hold to McAlevey (which he already had sent to several others) and (2) McAlevey did not respond personally. Plaintiffs acknowledge that outside counsel responded on behalf of HCA Healthcare, Inc. *Id.* at ¶¶ 92, 93.

McAlevey is the Executive Vice President – Chief Legal and Administrative Officer HCA Healthcare, Inc. (Declaration of Benjamin Bright ("Bright Decl.") at ¶ 3, attached as Ex. A to McAlevey's Motion.) HCA Healthcare, Inc.is a non-operating holding company organized under the laws of the state of Delaware, with its principal place of business in Nashville, Tennessee. *See id.* and filings of HCA Healthcare, Inc.*,* including Declaration of Michael Bray ("Bray Decl**.**") at ¶¶ 4.1-4.3 filed in support of HCA Healthcare Inc.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2). As Plaintiffs properly allege, McAlevey is a resident of Tennessee. Am. Compl. ¶ 18; Bright Decl. at ¶ 5. McAlevey is also domiciled in Tennessee and performs his duties primarily from Tennessee. *Id.* at ¶¶ 5-7. In his role, McAlevey does not provide day-to-day operational support to Mission or the Hospital, nor do his day-to-day responsibilities include directing legal support or operations at Mission or otherwise in North Carolina. *Id.* at ¶ 6. Finally, McAlevey did not, and did not have the right to, direct or control either patient care or decisions related to patient care. *Id.* at ¶ 7. Accordingly, Plaintiffs cannot establish personal jurisdiction over McAlevey under any theory.

## ARGUMENT

A party invoking federal jurisdiction has the burden of establishing personal jurisdiction over the defendants. *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 226 (4th Cir. 2019). A court may exercise specific jurisdiction over a nonresident defendant if doing so comports with both the forum state's long-arm statute and the Fourteenth Amendment Due Process Clause. *See, e.g., Mitrano v. Hawes*, 377 F.3d 402, 406 (4th Cir. 2004). Under North Carolina law, where the long-arm statute extends personal jurisdiction to the limits of the Fourteenth Amendment's Due Process Clause, "the statutory inquiry merges with the constitutional inquiry." *Christian Sci. Bd. of Dirs. v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). Due process requires both that the defendant "purposefully established minimum contacts within the forum State" and that "assertion of personal jurisdiction would comport with fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

Plaintiffs are unable to establish either general or specific jurisdiction over McAlevey. First, there is no evidence that McAlevey possesses the "continuous and systematic" contacts with North Carolina sufficient to confer general personal jurisdiction. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir.2002), *cert. denied,* 537 U.S. 1105, 123 S.Ct. 868, 154 L.Ed.2d 773 (2003), *citing Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 & n. 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Plaintiffs do not even allege such contacts. In fact, Plaintiffs concede that McAlevey is a Tennessee resident. Beyond his personal residence, McAlevey's domicile and primary place of work are in Tennessee. Bright Decl. at ¶ 5. He does not directly supervise

- 4 -

Case 1:25-cv-00425-MOC-WCM    Document 50    Filed 01/30/26    Page 4 of 9

employees in North Carolina, and has no role in the day-to-day business of Mission or Hospital. *Id.* at ¶¶ 5-7.

Nor can Plaintiffs establish general jurisdiction over McAlevey merely by virtue of his officer role with HCA Healthcare, Inc. As described in the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) and supporting Brief being filed in this matter by HCA Healthcare, Inc., Plaintiffs cannot establish general jurisdiction over HCA Healthcare, Inc. as an entity. "Personal jurisdiction over an individual officer, director, or employee of a corporation does not automatically follow from personal jurisdiction over the corporation. . . . . Personal jurisdiction must be based on an individual's personal contacts with or purposeful availment of the forum state." *Smith v. Dade Behring Holdings, Inc.*, No. CIV 105CV86, 2007 WL 152119, at *3 (W.D.N.C. Jan. 16, 2007) *quoting Harte-Hanks Direct Mktg./Baltimore, Inc. v. Varilease Tech. Fin. Group, Inc.*, 299 F.Supp.2d 505, 513-14 (D.Md. 2004). Even if personal jurisdiction over the corporate defendant was proper (which it is not here), personal jurisdiction does not attach automatically to its employees. *Columbia Briargate Co. v. First Nat's Bank,* 713 F.2d 1052, 1055 (4th Cir. 1983). It thus flows that there must be an independent basis for asserting personal jurisdiction over each employee.

Likewise, there are no facts sufficient to establish specific jurisdiction over McAlevey. Again, there is no evidence to establish that McAlevey "purposefully established minimum contacts in the forum state, such that it should reasonably anticipate being haled into court there on a claim arising out of those contacts." *Sneha Media & Entertainment, LLC v. Associated Broadcasting Company P, LLC*, 911 F.3d 192, 198 (4th Cir.2018). The analysis of those minimum contacts depends on: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs'

claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 189 (4th Cir. 2016).

First, "purposeful availment" must be by contacts of a defendant's own choice that are not "random, isolated, or fortuitous." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984). The contacts "must show that the defendant deliberately reached out beyond its home." *Ford Motor Co. v. Mont. Eighth Jud. Dist. C*t., 592 U.S. 351, 141 S. Ct. 1017, 1025, 209 L.Ed.2d 225 (2021). Personal jurisdiction cannot be established by the unilateral activity of those who claim some relationship with a nonresident defendant. *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 1239–40, 2 L. Ed. 2d 1283 (1958); *Walden v. Fiore*, 571 U.S. 277, 287, 134 S. Ct. 1115, 1123, 188 L.Ed. 2d 12, 21 (2014).

Here, Plaintiff does not allege *any* act by McAlevey, disposing of both the first and second elements of the test. The only act whatsoever allegedly related to McAlevey individually is *Plaintiffs'* act of sending him an email in his capacity as an officer of HCA Healthcare, Inc. As fully briefed by HCA Healthcare, Inc., it did not own, operate, maintain, have the right to control or control or staff at Hospital. Plaintiffs' claims do not "arise out of" either McAlevey or HCA Healthcare, Inc.'s contacts with North Carolina. Plaintiffs cannot establish injuries arising out of McAlevey's forum-related activities when there are no forum-related activities alleged to have been undertaken by McAlevey.

Finally, it would be constitutionally unreasonable to exercise jurisdiction over McAlevey. This constitutional analysis examines: (1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiffs' interest in obtaining relief;

(4) the interstate judicial system's interest in the most efficient resolution of controversies; and (5) the shared interests of the states in furthering fundamental social policies. *Burger King,* 471 U.S. at 477. Litigating in North Carolina is unduly burdensome on McAlevey, a Tennessee resident and corporate officer of a Tennessee company over which this Court also lacks personal jurisdiction. Plaintiffs may continue litigating their claims against Mission Hospital, the owner and operator of Sweeten Creek, which is already a party to this case. There is no articulable interest by Plaintiffs in interstate judicial efficiency or social policy sufficient to balance the complete lack of jurisdiction over McAlevey in North Carolina.

## **CONCLUSION**

For these reasons, the Court should dismiss Michael McAlevey from this action.

This the 30th day of January, 2026.

Respectfully submitted,

*/s/ Theresa Sprain*
Theresa Sprain (N.C. Bar No. 24540)
William Maddrey (N.C. Bar No. 55277)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
2235 Gateway Access Point, Suite 220
Raleigh, NC 27607
Phone: 984-844-7941
Email: tsprain@bakerdonelson.com
wmaddrey@bakerdonelson.com

## CERTIFICATE OF COMPLIANCE

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg. Every statement and every citation to an authority in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

*/s/Theresa Sprain*
THERESA SPRAIN

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, a copy of the foregoing document was filed with the Court's CM/ECF system–which automatically serves all counsel of record–and was served, via e-mail, upon *Pro Se* Plaintiff as follows:

Bill Madson
bill@cliftontrust.com
*Pro Se* Plaintiff

This the 30th day of January, 2026.

                                            */s/Theresa Sprain*
                                              THERESA SPRAIN