Hand-Delivered

## US DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA

BILL MADSON, individually and as next
friend of CHILD, a minor,

      Plaintiffs,

v.

ROBERTS & STEVENS, et al

      Defendants

FILED
ASHEVILLE, NC

FEB 0 5 2026

U.S. DISTRICT COURT
W. DISTRICT OF N.C

Case # 1:25CV425-MOC-WCM

# PLAINTIFF'S REPLY IN SUPPORT OF LIMITED EARLY DISCOVERY

    Plaintiff seeks one narrow, threshold fact that directly affects case structure, party alignment, and whether parallel federal actions should proceed separately or in a unified manner. Specifically, Plaintiff seeks confirmation of whether the Legal Parties had any involvement or awareness during the August events that underlie both pending matters.

    This request is not merits discovery. It is a limited inquiry designed to determine whether the operative facts across the two actions substantially overlap such that coordinated management or consolidation may be appropriate.

Case 1:25-cv-00425-MOC-WCM    Document 63    Filed 02/05/26    Page 1 of 4

Courts routinely permit limited early discovery where it will clarify proper parties, narrow issues, and promote efficient case management. See *Arista Records LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010). Good cause exists where early discovery advances case management and narrows issue. *Semitool, Inc. v. Tokyo Electron Am.,* Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002).

The requested discovery is a single threshold inquiry that will inform whether the Legal Parties' alleged conduct forms part of the same transaction or series of transactions already before this Court. If the Legal Parties had involvement or awareness during the August events, the two matters present substantial factual and legal overlap. Both involve advocacy concerning an autistic minor and raise parallel claims under the ADA and Section 504. The October conduct alleged in this action would constitute a continuation of the same factual sequence and not a separate event. In that circumstance, maintaining two separate federal actions risks duplicate discovery and a huge waste of Court resources.

Early clarification of this threshold issue promotes judicial economy and allows the Court to determine whether coordinated management or consolidation should be considered under Federal Rule of Civil Procedure 42(a). District courts possess broad discretion to manage related actions to promote efficiency and avoid inconsistent results. *J. Ludwig Mowinckels Rederi v. Tidewater Constr*. Co., 559 F.2d 928, 933 (4th Cir. 1977); *Campbell v. Boston Sci. Corp.,* 882 F.3d 70, 74 (4th Cir. 2018).

The burden of the requested discovery is minimal. Plaintiff seeks only confirmation of whether any involvement or awareness existed during August. Plaintiff does not seek privileged communications. The information sought is uniquely within Defendants' possession, they've known the answer for five months, and their answer will only cost them one second of their time.

That's a striking contrast to the Court, who would spend hundreds of hours processing hundreds of documents in exchange for the defendants not having to answer a simple question at this juncture.

Early discovery is appropriate where information necessary to clarify the structure of litigation is solely within a defendant's control. *See Qwest Communications International v. WorldQuest Networks,* 213 F.R.D. 418, 419 (D. Colo. 2003).

Resolving this limited threshold issue now will conserve judicial resources and avoid the risk of duplicative discovery and motion practice across parallel actions. If no August involvement exists, the cases proceed independently. If such involvement does exist, both cases are anchored in ADA and 504 claims involving the allegations starting in August.

Defendants argue that because the Amended Complaint focuses on October conduct, August events are irrelevant. This ignores the practical reality. If the Legal Parties advised on the August discharge, they are not merely counsel responding to a claim, but potentially active participants in the underlying events of the related 455 Action. Such involvement would provide them with a direct, self-serving motive to silence Plaintiff's advocacy that goes far beyond the scope of standard legal representation, and in addition to the substantial profits they likely earn from representing HCA and Mission. Establishing this threshold fact now prevents the inefficiency of discovering it six months later.

For the reasons contained herein, good cause therefore exists for the narrow Rule 26(d) discovery requested. This is something that can happen very quickly and right at the time when the Court is doing some early judicial shepherding.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the Motion and permit the limited early discovery described above.

Plaintiff is pro se.

This 5th day of February, 2026.

Respectfully submitted,

_____

Bill Madson
Plaintiff, Pro Se