IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:25-cv-00425-MOC-WCM

| | |
|---|---|
| JOHN DOE *individually and as next friend of* CHILD,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>ROBERTS & STEVENS, P.A.;  )<br>PHIL JACKSON;  )<br>JORDAN BARNETTE;  )<br>HCA HEALTHCARE, INC.;  )<br>MH MISSION HOSPITAL, LLLP;  )<br>GREG LOWE;  )<br>MELINA ARROWOOD; and  )<br>MICHAEL MCALEVEY,  )<br>)<br>Defendants.  )<br>_____  ) | ORDER |

This matter came before the Court for a status conference and for a hearing on multiple motions (Docs. 32, 36, 37, 42, 65, 66), on which the undersigned ruled orally. This order memorializes those rulings.

I. Status Conference

At the beginning of the proceedings, the undersigned noted that Plaintiff's filings to date have been excessive, duplicative, and in some cases, not supported by case law or other authorities. Accordingly, prior to Plaintiff making any further filings in this matter, Plaintiff is **DIRECTED** to review the Federal Rules of Civil Procedure, this Court's local civil rules, and the Standing

1

Order Regarding the Use of Artificial Intelligence. Plaintiff is further **ADVISED** that his future filings should concisely set forth the relief he seeks and the basis upon which he believes the Court may grant such relief, and provide appropriate legal authorities supporting his request.

## II. Motions for Extensions of Time

MH Mission Hospital, LLLP's Motion for Unified Response Deadline (Doc. 36) and MH Mission Hospital, LLLP's Renewed, Unopposed Motion for Extension of Time (Doc. 42) are **DENIED AS MOOT**.

## III. Motion for Early Discovery

As discussed during the February 6, 2026 hearing, Plaintiff has not established that good cause exists to allow Plaintiff to propound an interrogatory to Roberts & Stevens, P.A. prior to the parties' conferral pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Accordingly, Plaintiff's Motion for Limited Early Discovery (Doc. 32) is **DENIED**.

## IV. Motion to Withdraw and Motion to Stay

During the February 6, 2026 hearing and status conference, Plaintiff confirmed that he wished to withdraw the following filings: (1) "Plaintiff's Response in Opposition to Defendants Roberts & Stevens, Jackson, and Barnette's Motion to Dismiss for Failure to State a Claim" (Doc. 60); (2) "Plaintiff's Response in Opposition to Defendant HCA Healthcare, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction" (Doc. 61); (3) Plaintiff's

"Response Regarding Defendant McAlevey's Motion to Dismiss 12(b)(2)" (Doc. 62); (4) "Plaintiff's Reply in Support of Limited Early Discovery" (Doc. 63); and (5) "Plaintiff's Response in Opposition to Defendants MH Mission Hospital, Lowe, and Arrowood's Motion to Dismiss for Failure to State a Claim" (Doc. 64).

Additionally, Plaintiff stated that he intended to retain counsel in this matter and asked for this matter to be stayed for a period of thirty (30) days to allow him to do so.

Finally, Plaintiff advised that he had reviewed the currently pending motions to dismiss carefully and believed that certain of his claims were properly subject to dismissal.

Plaintiff's Motion to Withdraw (Doc. 65) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The Motion to Withdraw is **DENIED AS MOOT** with respect to Plaintiff's Reply in Support of Limited Early Discovery (Doc. 63), as the Court has ruled on the underlying motion.

2. Otherwise, the Motion to Withdraw is **GRANTED**, and the following filings are **WITHDRAWN**: "Plaintiff's Response in Opposition to Defendants Roberts & Stevens, Jackson, and Barnette's Motion to Dismiss for Failure to State a Claim" (Doc. 60), "Plaintiff's Response in Opposition to Defendant HCA Healthcare, Inc.'s Motion to Dismiss for

3

Lack of Personal Jurisdiction" (Doc. 61), Plaintiff's "Response Regarding Defendant McAlevey's Motion to Dismiss 12(b)(2)" (Doc. 62), and "Plaintiff's Response in Opposition to Defendants MH Mission Hospital, Lowe, and Arrowood's Motion to Dismiss for Failure to State a Claim" (Doc. 64).

Plaintiff's deadline to file renewed responses to the pending Motions to Dismiss (Docs. 39, 43, 49, 53) is **EXTENDED** through and including March 6, 2026.

The Motion for 30-Day Stay for Plaintiff to Hire Legal Counsel (Doc. 66) is **DENIED.**

To the extent Plaintiff wishes to file a Second Amended Complaint for the purpose of withdrawing any of his currently pled claims, Plaintiff is **GRANTED LEAVE** to do so on or before March 6, 2026. In the event Plaintiff wishes to file a Second Amended Complaint for any other reason, he should pursue an amendment in accordance with Rule 15 of the Federal Rules of Civil Procedure.

### V. Plaintiff's Motion for Leave to Proceed Under a Pseudonym, for Targeted Redactions, and for Sealing Two Documents

During the February 6, 2026 hearing, Plaintiff withdrew all portions of this motion except for his request to change the caption of this matter to reflect Plaintiff as "John Doe" and to allow Plaintiff's future filings to be made as a

"John Doe" litigant. Plaintiff confirmed that he does not request that previous filings in this matter be redacted or modified.

Plaintiff's Motion for Leave to Proceed Under a Pseudonym, for Targeted Redactions, and for Sealing Two Documents (Doc. 37), as orally modified by Plaintiff, is **GRANTED IN PART** and

1. The Clerk is **RESPECTFULLY DIRECTED** to amend the docket in this matter to reflect Plaintiff as "John Doe, individually and as next friend of Child" and
2. In future filings, the parties should refer to Plaintiff using the pseudonym "John Doe."
3. This order does not require the re-filing or redaction of any previously filed documents.

**It is so ordered.**

Signed: February 9, 2026

W. Carleton Metcalf
United States Magistrate Judge