IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

No. 1:25-CV-425-MOC-WCM

| | |
|---|---|
| JOHN DOE, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> ROBERTS & STEVENS, P.A., *et al.*, <br><br> *Defendants.* | **UNOPPOSED MOTION TO SEAL** |

Plaintiff John Doe, by and through undersigned counsel, hereby moves this Honorable Court for an order sealing substantial portions of this action. In the alternative, Plaintiff moves this Honorable Court for an order sealing as much of this action as the Court is willing to seal. In the alternative, Plaintiff moves this Honorable Court for an order permitting submission to the Clerk of redacted versions of any document not sealed, to remove any identifying information from the caption, certificate of service, or body of any unsealed document. In support:

### PROCEDURAL HISTORY

John Doe, individually and as next friend of Child Plaintiff, filed the Complaint beginning this action on November 26, 2025, and an Amended Complaint – with the Court's leave – on January 8, 2026. John Doe made a number of other filings and motions. Defendants filed various motions to dismiss for failure to state a claim and lack of jurisdiction

in January of 2026.  On February 6, 2026, Plaintiff John Doe moved for a 30-day stay in order to retain counsel.

**REQUEST FOR COMPLETE SEALING**

John Doe initiated this action driven by care and concern for Child Plaintiff.  He did so as a *pro se* litigant, and filed a number of pleadings and motions in this Court without the benefit of the advice of counsel.

On reflection, following interactions with counsel for the defendants and this Court through status conferences, John Doe has now recognized that the filing of this complaint and the subsequent filings has exposed Child Plaintiff's medical information to public scrutiny.  Had he realized this, he would not have filed the complaint without first taking steps to protect Child Plaintiff's interests.

John Doe also recognizes that there is a strong public interest in materials filed in this Court being unsealed. *See* W.D.N.C. LCvR 6.1.  However, at this still comparatively early stage in the proceedings, the only filings have been those initiated by John Doe's actions. There have been no Answers filed, no Motions for Summary Judgment, no Discovery, no depositions, and no rulings on any of the merits of the action.  As such, the public interest is – in John Doe's submission – reduced.

That is balanced against the harm and potential harm to Child Plaintiff, which can only be remedied by sealing all or substantially all of this action.  John Doe certainly had no intention of exposing Child Plaintiff to any potential harm, and on the realization that this

was a potential, he took steps to limit this by retaining counsel and thereafter filing this Motion, along with the contemporaneous Voluntary Dismissal notices.

All parties consent to sealing the complaints, motions, briefs, exhibits, orders, and other filings in this action, subject to the following exceptions:

1. This motion;

2. The voluntary dismissal without prejudice filed contemporaneously with this motion;

3. A statement which certain Defendants wish to file to the effect that the Defendants deny the allegations in the complaint, had looked forward to being vindicated in court, and did not enter into any kind of settlement or otherwise induce the voluntary dismissal. This statement would not describe the subject of the action or any identifying information concerning the Plaintiffs.

### ALTERNATIVE REQUEST FOR SUBSTANTIAL SEALING

Should this Court not be inclined to grant an order sealing the entire action other than the above-identified documents, then John Doe moves in the alternative for an order sealing as much of this action as the Court is willing to seal, and providing for the redaction of any unsealed filings.

If this Court determines that sealing the entire action is inappropriate, then the Plaintiffs would suggest that the following is appropriate, to which all parties consent:

1. Sealing the original complaint, as it was mooted by the filing of the operative complaint;

2. Redacting the operative complaint to remove all factual allegations, which are inextricably linked to the private medical information that is the reason for this motion, but to leave the statements of each cause of action unredacted so that the public may be informed about the nature of the lawsuit;

3. Sealing all procedural motions and filings made in connection with those motions, as the public interest in the issues raised by those motions is minimal;

4. Sealing all dispositive motions and filings made in connection with those motions, as the voluntary dismissal filed in this action moots those motions, and no relief was ever granted on them;

5. Sealing any other docket entries, other than the documents identified in the previous section, "Request for Complete Sealing," above;

6. Permitting Plaintiffs to submit to the Clerk a redacted version of any document not sealed, to remove any identifying information from the caption, certificate of service, or body of any unsealed document.

Respectfully submitted, this the 6th day of March, 2026.

/s/ Joshua D. Xerri_____

Joshua D. Xerri
THE LAW OFFICE OF JOSHUA D. XERRI
NC State Bar No.: 60127
3064 Wake Forest Rd., #1034
Raleigh, NC 27609
Email: jd@xerrilaw.com
Telephone: (919) 391-6299
Facsimile: (919) 391-6299
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Consent Motion to Seal was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

**Bryant G. Cross**
**David C. Hawisher**
ROBERTS & STEVENS, P.A.
301 College St, #400
Asheville, NC 28801
bcross@roberts-stevens.com
dhawisher@roberts-stevens.com
*Attorneys for Defendants Mission Hospital, Lowe, and Arrowood*

**William Foster Maddrey**
**Theresa M. Sprain**
BAKER DONELSON
2235 Gateway Access Point, Suite 220
Raleigh, NC 27607
wmaddrey@bakerdonelson.com
tsprain@bakerdonelson.com
*Attorneys for Defendants HCA Healthcare And McAlevey*

**Edward B. Davis**
**Joshua Blake Durham**
**Kevin J. Roak**
BELL, DAVID & PITT, P.A.
227 W. Trade Street, Suite 2160
Charlotte, NC 28202
ward.davis@belldavispitt.com
jdurham@belldavispitt.com
kroak@belldavispitt.com
*Attorneys for Defendants Roberts & Stevens, Barnette, and Jackson*

**Carlos A. Mattioli**
**Megan D. Richardson**
**George A. Shannon, Jr.**
SHANNON, MARTIN, FINKELSTEIN, ALVARADO & DUNNE, P.C.
1923 Washington Ave., Suite 2341
Houston, TX 77007
cmattioli@smfadlaw.com
mrichardson@smfadlaw.com
gshannon@smfadlaw.com
*Attorneys for Defendant HCA Healthcare*

Respectfully submitted, this the 6th day of March, 2026.

/s/ Joshua D. Xerri_____

Joshua D. Xerri
THE LAW OFFICE OF JOSHUA D. XERRI
*Attorney for Plaintiffs*